UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14–810 PA (AGRx) | Date | February 19, 2014 |
|---|---|---|---|
| Title | Setareh Gallery, Inc. v. Tower Select Ins. Co. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS – COURT ORDER

     Before the Court is the Notice of Removal filed by defendant Tower Select Insurance Company ("Defendant").  The Notice of Removal asserts that Defendant is not waiving its rights to compel arbitration and that the insurance policy Defendant issued to plaintiff Setareh Gallery, Inc. ("Plaintiff") "requires arbitration of disputes over the amount of loss for which contract benefits are demanded."  Specifically, the insurance policy states:

> E.   Loss Conditions
> The following conditions apply in addition to the Common Policy Conditions and the Commercial Property Conditions.
>
> . . .
>
> 2.   Appraisal
> If we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss.  In this event, each party will select a competent and impartial appraiser.  The two appraisers will select an umpire.  If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction.  The appraisers will state separately the value of the property and amount of loss.  If they fail to agree, they will submit their differences to the umpire.  A decision agreed to by any two will be binding.  Each party will:
> a.   Pay its chosen appraiser; and
> b.   Bear the other expenses of the appraisal and umpire equally.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14–810 PA (AGRx) | Date | February 19, 2014 |
|---|---|---|---|
| Title | Setareh Gallery, Inc. v. Tower Select Ins. Co. | | |

> If there is an appraisal, we will still retain
> our right to deny the claim.

It therefore appears that at least some of Plaintiff's claims in this action may be subject to an agreement to arbitrate. Section 2 of the Federal Arbitration Act ("FAA") provides that a written agreement to arbitrate in a contract involving interstate commerce "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The Act governs if the underlying contract facilitates interstate commercial transactions or directly or indirectly affects commerce between states. See Prima Paint Corp. v. Flood & Conklin Mfg., 388 U.S. 395, 401 n.7, 87 S. Ct. 1801, 1805, 18 L. Ed. 2d 1270 (1967). "The FAA provides that any arbitration agreement within its scope 'shall be valid, irrevocable, and enforceable,' and permits a party 'aggrieved by the alleged . . . refusal of another to arbitrate' to petition any federal district court for an order compelling arbitration in the manner provided for in the agreement." Chiron Corp. v. Ortho Diagnostic Systems, Inc., 207 F.3d 1126, 1130 (9th Cir. 2000) (quoting 9 U.S.C. § 4 (alteration in original) (citation omitted)). "By its terms, the Act leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 218, 105 S. Ct. 1238, 1241, 84 L. Ed. 2d 158 (1985) (emphasis in original). "The court's role under the Act is therefore limited to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue. If the response is affirmative on both counts, then the [FAA] requires the court to enforce the arbitration agreement in accordance with its terms." Chiron Corp., 207 F.3d at 1130 (citations omitted).

When a party to an agreement to arbitrate commences an action subject to an arbitration agreement, the court shall stay the action pending completion of the arbitration. 9 U.S.C. § 3 ("If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration."). Alternatively, a court may dismiss an action when an arbitration provision is "broad enough to bar all of the plaintiff's claims," and it may do so on its own motion. See Sparling v. Hoffman Constr. Co., 864 F.2d 635, 638 (9th Cir. 1988).

Accordingly, the parties are ordered to show cause why this case should not be stayed or dismissed without prejudice in favor of arbitration. The parties' responses to this order to show cause, which shall not exceed ten (10) pages, shall be filed no later than March 3, 2014.

IT IS SO ORDERED.